UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT G. PAULEY,<br><br>                Plaintiff,<br><br>   v.<br><br>JOOP DEJONGE, et al.,<br><br>                Defendants. | NO. CV-04-3144-MWL<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT |

I.  <u>Procedural History</u>

     Plaintiff Robert G. Pauley ("Plaintiff") was formerly incarcerated at Ahtanum View Correctional Complex ("AVCC"), but was released on February 22, 2005 and is currently on community supervision by the Department of Corrections. (Ct. Rec. 14, p. 1). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims Defendants violated his constitutional rights by enacting a no smoking policy at AVCC during the time he was incarcerated at AVCC. (Ct. Rec. 1).

     On February 22, 2005, the parties consented to proceed before a magistrate judge. (Ct. Rec. 5). On August 29, 2005, Defendants filed a timely motion for summary judgment. (Ct. Rec. 12). On October 17, 2005, pursuant to Local Rule 7.1(h), the Court ordered

ORDER - 1

the hearing on Defendants' pending motion for summary judgment be
reset from October 5, 2005, to December 1, 2005. (Ct. Rec. 16).
The court issued Plaintiff a *Klingele/Rand* notice after the
Defendants filed their motion for summary judgment, to ensure
Plaintiff understood the implications of a grant of summary
judgment and to permit him the opportunity to file his opposition
accordingly. (Ct. Rec. 17). *Rand v. Rowland,* 154 F.3d 952 (9th
Cir. 1998); *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir. 1988).
To date, the Court has received no response by Plaintiff to
Defendants' motion for summary judgment. Pursuant to Local Rule
56.1(d), the failure to file a statement of specific facts in
opposition to a motion for summary judgment allows the court to
assume the facts as claimed by the moving party exist without
controversy.

II. Legal Standard

Summary judgment is appropriate when it is demonstrated that
there exists no genuine issue as to any material fact, and that
the moving party is entitled to judgment as a matter of law. Fed.
R. Civ. P. 56(c). Under summary judgment practice, the moving
party

> [A]lways bears the initial responsibility of informing the
> district court of the basis for its motion, and identifying
> those portions of "the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with the
> affidavits, if any," which it believes demonstrate the
> absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the
nonmoving party will bear the burden of proof at trial on a
dispositive issue, a summary judgment motion may properly be made
in reliance solely on the 'pleadings, depositions, answers to
interrogatories, and admissions on file.'" *Id*. Indeed, summary

ORDER - 2

judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id*. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the

///

///

ORDER - 3

1  dispute is genuine, i.e., the evidence is such that a reasonable
2  jury could return a verdict for the nonmoving party, *Wool v.*
3  *Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).
4     In the endeavor to establish the existence of a factual
5  dispute, the opposing party need not establish a material issue of
6  fact conclusively in its favor.  It is sufficient that "the
7  claimed factual dispute be shown to require a jury or judge to
8  resolve the parties' differing versions of the truth at trial."
9  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary
10 judgment is to 'pierce the pleadings and to assess the proof in
11 order to see whether there is a genuine need for trial.'"
12 *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)
13 advisory committee's note on 1963 amendments).
14    In resolving the summary judgment motion, the court examines
15 the pleadings, depositions, answers to interrogatories, and
16 admissions on file, together with the affidavits, if any.  Fed. R.
17 Civ. P. 56(c).  The evidence of the opposing party is to be
18 believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences
19 that may be drawn from the facts placed before the court must be
20 drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587
21 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)
22 (per curiam).  Nevertheless, inferences are not drawn out of the
23 air, and it is the opposing party's obligation to produce a
24 factual predicate from which the inference may be drawn.  *Richards*
25 *v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal.
26 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).
27 ///
28 ///

ORDER - 4

1    Finally, to demonstrate a genuine issue, the opposing party
2 "must do more than simply show that there is some metaphysical
3 doubt as to the material facts.  Where the record taken as a whole
4 could not lead a rational trier of fact to find for the nonmoving
5 party, there is no 'genuine issue for trial.'"  *Matsushita*, 475
6 U.S. at 587 (citation omitted).

7 III. <u>Discussion</u>

8    A.   <u>Cruel and Unusual Punishment</u>

9    To constitute cruel and unusual punishment in violation of
10 the Eighth Amendment, prison conditions must involve "the wanton
11 and unnecessary infliction of pain."  *Rhodes v. Chapman*, 452 U.S.
12 337, 347 (1981).  Although prison conditions may be restrictive
13 and harsh, prison officials must provide prisoners with food,
14 clothing, shelter, sanitation, medical care, and personal safety.
15 *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986);
16 *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  "To the
17 extent that such conditions are restrictive and even harsh, they
18 are part of the penalty that criminal offenders pay for their
19 offenses against society."  *Rhodes*, 452 U.S. at 347.

20    "[E]xtreme deprivations are required to make out a[n] [Eighth
21 Amendment] conditions-of-confinement claim."  *Hudson v. McMillian*,
22 503 U.S. 1, 9 (citation omitted).  "Because routine discomfort is
23 part of the penalty that criminal offenders pay for their offenses
24 against society, only those deprivations denying the minimal
25 civilized measure of life's necessities are sufficiently grave to
26 form the basis of an Eighth Amendment violation."  *Id*. (quotations
27 and citations omitted).
28 ///

ORDER - 5

In this case, the condition of confinement of which Plaintiff complains is the right to smoke. Plaintiff has made no showing that smoking is a fundamental right. A ban on smoking is not a deprivation of one's life necessities such as food, clothing, shelter, sanitation, medical care, and personal safety. Moreover, as noted by Defendants, the smoking ban at AVCC protects the rights of non-smoking inmates, staff and visitors, and eliminates potential fire hazards. (Ct. Rec. 13, p. 7). There is no genuine issue for trial with regard to an Eighth Amendment claim in this case; therefore, the Court finds that Defendants have met their burden as the parties moving for summary judgment. Accordingly, Defendants' motion is GRANTED with respect to Plaintiff's Eighth Amendment claim against Defendants.

B.   Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991); *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir.

ORDER - 6

1  1985).  "A plaintiff must allege facts, not simply conclusions,
2  that show that an individual was personally involved in the
3  deprivation of his civil rights."  *Barren*, 152 F.3d at 1194.
4       Plaintiff contends that he has been treated differently than
5  others similarly situated because the State allows other prisoners
6  in other institutions smoking privileges under the same or similar
7  custody levels.  (Ct. Rec. 1).  However, a similar argument was
8  considered by the court in *Webber v. Crabtree*, 158 F.3d 460 (9th
9  Cir. 1998).  In rejecting that argument, the Ninth Circuit held
10 that inmates are not members of a suspect class.  *Id*. at 461.
11 Plaintiff fails to demonstrate that he is a member of a suspect
12 class.  Moreover, the AVCC smoking ban is rationally related to a
13 legitimate state purpose; namely, protecting the health and safety
14 of inmates and staff by providing a clean air environment.
15 Accordingly, Plaintiff's allegations do not give rise to a claim
16 for relief under section 1983 for violation of the Equal
17 Protection Clause.  The Court finds that there is no genuine issue
18 for trial with regard to Plaintiff's equal protection claim and
19 Defendants have thus met their burden as the parties moving for
20 summary judgment.  Therefore, Defendants' motion for summary
21 judgment is GRANTED with respect to Plaintiff's equal protection
22 claim against Defendants.
23      C.   <u>Due Process</u>
24      Plaintiff contends that his due process rights were violated
25 because the same person who implemented the no smoking policy was
26 the same person who heard his appeal for the infractions and
27 sanctions imposed on him for violating the policy.  (Ct. Rec. 1).
28 ///

ORDER - 7

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Where a protectable liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

In this instance, the undisputed facts reveal that all of the *Wolff* requirements were met in each of Plaintiff's four disciplinary hearings. Plaintiff received written notice of the charges against him more than 24 hours prior to the hearing, he was given an opportunity to present witness statements on his behalf, and he was given a written statement outlining the hearing officer's decision. Accordingly, Plaintiff received all of the process he was entitled to under federal law.

Plaintiff contends that the hearing officer was unfair or biased since the individual implementing the no smoking policy was the same person hearing his appeals. Due Process does forbid

///

///

ORDER - 8

officials who are directly or substantially involved in the underlying factual events of the charges, or the investigation of the charges, from hearing the charge. *Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003). However, in the instant case, the undisputed facts reveal that Barbara Whitehead, the hearing officer at all four hearings, was not involved in the events leading to Plaintiff's infractions and did not investigate those charges. In addition, the smoking ban policy was implemented by the Department of Correction, and Superintendent Joop DeJonge merely complied with the DOC policy. The Superintendent's role in the appeal process was not a de novo determination of guilt but merely a review of the record to ensure that the due process requirements were satisfied.

    Based on the foregoing, it is apparent that Plaintiff's disciplinary hearings were in accord with the due process clause and there is no genuine issue for trial with regard to Plaintiff's due process claim. Defendants' motion for summary judgment with respect to Plaintiff's due process claim against Defendants is GRANTED.

    Due to the findings indicated above, the Court need not reach Defendants' arguments that Defendant Joop DeJonge is entitled to qualified immunity from the suit or that Defendant Department of Corrections/Ahtanum View Correctional Complex is not a "person" for purposes of Section 1983.

IV. <u>Conclusion</u>

    For the reasons discussed above, this Court **GRANTS** Defendants' motion for summary judgment. (Ct. Rec. 12).

///

ORDER - 9

**It IS SO ORDERED**. The District Court Executive is hereby directed to enter judgment in favor of Defendants and against Plaintiff, file this Order, provide a copy to Plaintiff and counsel for Defendants, and **CLOSE** this file.

DATED this ___5th___ day of December 2005.

                                              S/ Michael W. Leavitt
                                                      MICHAEL W. LEAVITT
                                     UNITED STATES MAGISTRATE JUDGE